# Forensic Data Services, Inc.

**3325 South University Drive, Ste. 206**
**Davie, Florida 33328-2020**
**(954) 727 - 1957**
Rmoody@fds.global



July 30, 2024

GABRIEL A. LEVY, ESQ
1129 Northern Blvd, Suite 404
Manhasset, NY 11030

Re: https://www.jenniferbehr.com/ Website Report

Dear Counsel

As requested, I have reviewed the documents produced by your office.

Additionally, I have analyzed the Defendant's website and examined the plaintiff's claims. In doing so, FDS performed a manual review of the website and used automated and AI tools that evaluated the Defendant's website for logic and code issues and barriers.

Please find my observations and opinions below:

The defendant's website is https://www.jenniferbehr.com/ and was evaluated on July 30, 2024.

The website is supported/managed by the accessibility widget AudioEye.

Plaintiff's visit to Defendant's website was unsuccessful due to issues with the website design and logic, thus preventing a blind or low-sighted person from navigating the website.

Specifically, the Defendant's website did not correctly provide:

- Sub-menu elements with drop-down menus were inaccessible via keyboard. The Plaintiff could not interact with sub-menus using "tab" or "arrow" keys. The website had device-specific functionality, like mouse-dependency, making it inaccessible to legally blind users.

- The Navigation sub-menus with drop-down lists did not announce their state - "collapsed" or "expanded". The Plaintiff could not determine in which part of the sub menu the keyboard focus was located or if the links were skipped.

- A Search icon was used as link without appropriate alternative text. The Plaintiff was not informed about the purpose of the graphic icon.

In the Forensic Data Services (FDS) approach, claims made by Plaintiff are examined as to their reasonableness and whether or not they existed with the website at the time of the visit(s). In this present case, these issues did exist.

Next, the website is examined manually for issues ranging from evaluating " keyboard-only access" to image analysis.

Lastly, the website is evaluated using an automated tool, "Axe Pro," provided by the ADA software provider Deque.com. This tool is the Gold Standard and provides an integrated approach for evaluating websites, including usability evaluation, automated testing of website elements and code, and "guided" or "manual" elements.

Through this three-step approach, readers of this report can understand what the Plaintiff experienced during their visit, whether or not the website had issues that were roadblocks for disabled users, and any code or logic design issues that may have existed as well.

FDS' approach also provides an easy scorecard for interpreting the issue or barrier and understanding how the problem would affect a disabled user. The scorecard provides a rating based on six categories and defines the impact on the disabled user.

FDS's current test of the Defendant's website did identify (1236) different issues. These issues included:

- ARIA hidden element must not be focusable or contain focusable elements

- Elements must meet minimum color contrast ratio thresholds

- Document should have one main landmark

- Page should contain a level-one heading

- ARIA role should be appropriate for the element

- IDs used in ARIA and labels must be unique

- CSS Media queries must not lock display orientation

- Hidden or empty element receives focus

- Control text lacks 4.5:1 contrast ratio on hover or focus

- Function cannot be performed by keyboard alone

- Visual list is not marked up as list

- aria-hidden="true" is used incorrectly

- Role: The element's role is missing or incorrect

- Short text alternative is not appropriate

- Text alternative is missing

The Scorecard for this round of testing shows the following:

| Critical | Serious | Moderate | Minor | Color Contrast | Other |
|---|---|---|---|---|---|
| 522 | 13 | 2 | 0 | 27 | 672 |

To better understand the categories provided above, the following descriptions are provided:

a. **Critical -** This issue results in blocked content for people with disabilities and will partially prevent them from accessing fundamental features or content. This type of issue puts your organization at risk.

b. **Serious—**This issue results in barriers for people with disabilities and partially prevents them from accessing fundamental features or content. As a result, people relying on assistive technologies will experience significant frustration.

c. **Moderate -** This issue creates barriers for people with disabilities but will prevent them from accessing fundamental features or content.

d. **Color Contrast—**This issue results from an organization not ensuring a proper ratio between the foreground and background of text and pictures. The correct ratio must be 4.5:1 for standard text and 3:1 for large text. Failure to meet this standard creates barriers for disabled users, especially visually impaired users.

e. **Other—**This issue identifies issues based on what has been determined as a best practice. When taken into account along with items a. through d., a minor problem could be elevated to a critical or severe barrier.

The issues listed above and referenced by the automated testing (1236 issues) identify barriers that would prevent a disabled person from using and enjoying the Defendant's website. A more detailed report of the problems is attached as **Exhibit 1**.

**To conclude,** taking into account the issues presented by the Plaintiff, my testing of these items at or around the time of the Plaintiff's visit, the independent visual review of the website, and the automated testing of the current website, it is my expert opinion and with a high degree of scientific certainty that the website https://www.jenniferbehr.com/ has defects.

These barriers continue to create problems for visually disabled persons, such as the Plaintiff, and these defects act as a barrier to the effective use and enjoyment of the site for persons with low to no vision.

Accordingly, I reserve the right to update, alter, change, delete, and supplement this declaration in the alternative file if provided with additional relevant material.

Respectfully,

*Robert D Moody*

Robert D Moody
Rmoody@fds.global